UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MIGUEL GUTIERREZ,<br><br>        Petitioner,<br><br>    v.<br><br>E. PRESSLEY, Warden; CORRECTIONS CORPORATION OF AMERICA,<br><br>        Respondents . | CASE NO. 1:14-CV-2034-SMS<br><br>ORDER DENYING PETITION FOR WRIT OF MANDATE<br><br><br><br>Doc. 1 |

Petitioner seeks a writ of mandate requiring Respondents to perform pursuant to a stipulation and entry of judgment entered in 1987 in a different case involving different parties – *Sample v. Borg* (CAED Case No. S-85-208 LKK). He has consented to jurisdiction of a U.S. magistrate judge. Petitioner has not demonstrated that the extraordinary relief offered in a writ of mandate is warranted. His petition will be denied.

I.    BACKGROUND

In *Sample v. Borg*, a stipulation was entered in February of 1987 on behalf of the parties: Herbert Sample and a class of American Indian believers and practitioners of their traditional religion who were confined to the general prison population at Folsom Prison, plaintiffs, and R.G. Borg, the Warden of the California State Prison at Folsom, Daniel McCarthy, the director of the California State Department of Corrections, and Joseph Campoy, an individual, defendants. The stipulation required the defendants to formally recognize the spiritual and religious practices of American Indians as a religion entitled to the protection of the First and Fourteenth Amendments. The stipulation contained several provisions enabling the class to practice their traditional religion,

1  including designation of a medicine man or comparable chaplain, a traditional sweat lodge with its
2  various accessories, use of a medicine pipe, and permission to wear traditional hairstyles with
3  headbands and to carry medicine bags. These provisions were all subject to the standards applied
4  to other religions recognized by the California Department of Corrections.

5  Petitioner asserts that he is a Native American Indian Practitioner who represents a group
6  of Native American Indian Practitioners who seek to practice their traditional religious rights as
7  guaranteed by the First and Fourteenth Amendments and the Religious Land Use and
8  Institutionalized Persons Act ("RLUIPA"),42 U.S.C. § 2000cc *et seq*. It appears that he seeks an
9  order enforcing the February 1987 *Sample v. Borg* stipulation as to all Native American inmate
10 practitioners under the jurisdiction of the California Department of Corrections and Rehabilitation
11 housed in private prison facilities, including the facility in which he is incarcerated in McFarland,
12 California. As similarly outlined in the *Sample v. Borg* stipulation, Plaintiff requests an order
13 which establishes a medicine man as a formally recognized spiritual leader, permits weekly sweat
14 lodge ceremonies with proper accessories, permits traditional hairstyles and headbands, and
15 permits possession of medicine bags. Plaintiff also requests that the order permit usage of a
16 medicine pipe and tobacco ties during ceremonies, to be stored when not in use.

17  II. 28 U.S.C. § 1361

18  Pursuant to 28 U.S.C. § 1361, a petitioner may seek mandamus in the district court to
19 compel a United States officer or agency to perform a duty owed to him. 28 U.S.C. § 1361.
20 Mandamus is extraordinary relief and is available only when "(1) the plaintiff's claim is clear and
21 certain; (2) the duty is ministerial and so plainly prescribed as to be free from doubt; and (3) no
22 other adequate remedy is available." *Or. Natural Res. Council v. Harrell*, 52 F.3d 1499, 1508 (9th
23 Cir. 1995). Further, mandamus is "intended to provide a remedy for a plaintiff only if he has
24 exhausted all other avenues of relief and only if the defendant owes him a clear nondiscretionary
25 duty." *Heckler v. Ringer*, 466 U.S. 602, 616 (1984).

26  III. DISCUSSION

27  A. Petitioner's Claim

28  Petitioner's claim is neither clear nor certain. After reviewing his petition, the Court is left

with several questions as to Petitioner's claim. It might be assumed, although not specifically alleged, that Petitioner alleges that he has been denied the provisions he seeks to be enforced. Due to the lack of specific allegations, it is not clear what harm he has suffered or if he is entitled to the relief requested. For example, he requests weekly sweat lodge ceremonies. The stipulation does not guarantee weekly sweat lodge ceremonies, but requires the provision of an area within the institution for construction of a sweat lodge where a request is made by American Indian believers and practitioners and where sufficient numbers of such individuals are incarcerated so as to justify the construction and regular use of a sweat lodge. The next step would be to cooperate with necessary parties to construct the sweat lodge and provide its requisite accessories. After that, the practitioners would have access for ceremonies and other permitted usage. Petitioner has not alleged that a request for a sweat lodge has been made at his facility, or that his facility has numerical sufficiency for its construction. There may be already be a sweat lodge constructed at the facility to which access has been impeded. There are insufficient facts alleged to understand what relief Petitioner seeks.

In addition he lists himself as plaintiff, and the warden of the McFarland facility and the Corrections Corporation of America as defendants, but alludes to all other Native American practitioners under the jurisdiction of the California Department of Corrections and Rehabilitation housed in private prison facilities. There is therefore confusion as to the scope of Plaintiff's claim.

B. Respondents' Duty

The duty Petitioner alleges that is owed to him by Respondents is not so plainly prescribed so as to be free from doubt. Petitioner seeks to enforce a 1987 stipulation against the McFarland facility and the Corrections Corporation of America, who were not signatories to the stipulation. The stipulation bound the defendants in the *Sample v. Borg* matter – the warden of the State Prison at Folsom, the director of California Department of Corrections, and an individual.

Thus, Respondents do not owe a clear nondiscretionary duty to Petitioner to perform under the stipulation.

C. Other Adequate Remedy

The strongest reason for denying the writ is probably that there exist other adequate

remedies. Petitioner has not indicated that he has exhausted his other remedies. He has not indicated that he has sought any remedy from his facility by means of requesting and being denied access to a sweat lodge, medicine man, or permission to wear a certain hairstyle or carry a medicine bag. It seems very possible that the facility would accommodate such requests. Further, if Petitioner is challenging the conditions of his confinement, it seems that his more appropriate vehicle for redress lies in a civil rights action under 42 U.S.C. § 1983 based on a violation of his First Amendment rights. Plaintiff may also have a civil cause of action under RLUIPA.

Should Plaintiff desire to file a civil action, he should file it as a separate civil action. Plaintiff is advised to research the law surrounding his potential claims in order to sufficiently plead a cognizable claim. If he desires to bring the action on behalf of other Native American Indian practitioners, he should clearly indicate that intent in the caption and in the allegations.

IV.   ORDER

For the foregoing reasons, Petitioner's petition for writ of mandate is DENIED.

The Clerk is DIRECTED to send to Petitioner a civil rights complaint form for a person in custody.

IT IS SO ORDERED.

Dated:   **July 22, 2015**                             **/s/ Sandra M. Snyder**
                                                                          UNITED STATES MAGISTRATE JUDGE

4